AO 106 (Rev. 04/2010) Application for Search Warrant       AUTHORIZED AND APPROVED/DATE: _____ 6/22/2018 

# UNITED STATES DISTRICT COURT
for the
___WESTERN___ DISTRICT OF ___OKLAHOMA___

In the Matter of the Search of  )
)
) Case No. M-18- 339-P
Apple iPhone with IMEI:  )
353003096247397  )

## APPLICATION FOR SEARCH WARRANT

I, Ryan C. Browning, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

See Attachment A, which is attached and incorporated by reference.

Located in the Western District of Oklahoma, there is now concealed:

See Attachment B, which is attached and incorporated by reference.

**FILED**
JUN 22 2018
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ DEPUTY

The basis for the search under Fed. R. Crim. P. 41(c) is:
☒ evidence of the crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

8 U.S.C. § 1326           Illegal Reentry after Removal
8 U.S.C. § 1324           Harboring and Concealing an Illegal Alien
18 U.S.C. § 922(g)(5)     Alien in Possession of a Firearm

The application is based on these facts:

See attached Affidavit of Special Agent Ryan C. Browning, which is incorporated by reference herein.

☒ Continued on the attached sheet(s).
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

RYAN C. BROWNING
Special Agent, USDHS, Homeland Security Investigations

Sworn to before me and signed in my presence.
Date: June 22, 2018

City and State: Oklahoma City, Oklahoma          GARY M. PURCELL, U.S. Magistrate Judge
                                                 *Printed name and title*

## ATTACHMENT A

### DESCRIPTION OF DEVICE TO BE SEARCHED

The subject phone to be searched is an Apple iPhone with IMEI: 353003096247397.

The subject phone is located at HSI Oklahoma City, 3625 NW 56th Street, Oklahoma City, Oklahoma 73112.

## ATTACHMENT B

## ITEMS TO BE SEIZED

1. Electronically stored information, such as the phone directory and/or contacts list, calendar, text messages, multi-media messages, e-mail messages, call logs, photographs, and videos, related to violations of 8 U.S.C. §§ 1324 and 1326, and 18 U.S.C. § 922(g)(5), including:

   a. lists of individuals who provided the firearm(s) to Vasquez and related identifying information;

   b. types, amounts, and prices of firearms as well as dates, places, and amounts of specific transactions;

   c. information related to sources of firearms;

   c. information related to Vasquez's travel, including illegal international border crossings;

   e. bank records, checks, credit card bills, account information, and other financial records related to the illegal possession of firearms, illegal sales of firearms, and human smuggling fees;

2. Evidence of user attribution related to violations of 8 U.S.C. §§ 1324 and 1326, and 18 U.S.C. § 922(g)(5), showing who used or owned the subject phone at the time the items described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

   a. records of Internet Protocol addresses used;

   b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Ryan C. Browning, a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), being duly sworn, hereby depose and state as follows:

### Introduction

1. I have been a Special Agent since 2010 and I am currently assigned to the HSI office in Oklahoma City. As a Special Agent, I have conducted and assisted other agents with numerous investigations involving criminal violations of Titles 8 and 18 of the United States Code, including illegal reentry after removal and harboring and concealing illegal aliens.

2. I am experienced in executing search warrants and debriefing defendants, witnesses, informants, and other persons who have knowledge of specific crimes in violation of the above-mentioned titles of the United States Code.

3. Based on my training and experience, I know that individuals who harbor and conceal illegal aliens maintain books, records, receipts, notes, ledgers, and other papers relating to their clients and associates. Furthermore, based on my training and experience, I know that these individuals often utilize phones, computers, emails, text messages, and other computer-facilitated communication software to communicate and maintain contact with their clients and associates.

4. I submit this affidavit in support of an application for a warrant to search an Apple iPhone with IMEI: 353003096247397 (the "subject phone"), as described in Attachment A. This affidavit sets forth facts to establish probable cause to believe that

the subject phone contains evidence, contraband, fruits, and instrumentalities of illegal activity in violation of, among other statutes, 8 U.S.C. § 1324 (harboring and concealing an illegal alien), 8 U.S.C. § 1326 (illegal reentry after removal), and 18 U.S.C. § 922(g)(5) (alien in possession of a firearm). The subject phone is currently located in the secure evidence storage at HSI Oklahoma City, 3625 NW 56th Street, Oklahoma City, Oklahoma 73112.

5. Since I am submitting this affidavit for the limited purpose of securing a search warrant, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. This affidavit is based on my own personal knowledge, as well as information provided by records, databases and other law enforcement officers

## The Investigation

6. The United States is investigating Jesus Salvador Vasquez-Palacios ("Vasquez"), a citizen and national of Mexico, for illegally reentering the United States, a violation of 8 U.S.C. § 1326. The United States is investigating Gloria Gomez ("Gomez"), a deputy with the Oklahoma County Sheriff's Office ("OCSO"), for various offenses, including concealing and harboring an illegal alien, a violation of 8 U.S.C. § 1324.

7. On November 2, 2016, officers with United States Immigration and Customs Enforcement, Enforcement and Removal Operations, arrested Vasquez at his residence in Oklahoma City. Vasquez was a known undocumented alien who had

2

previously been removed from the United States. Officers found a 9 mm handgun inside his residence during a consensual search. Vasquez waived his *Miranda* rights and admitted to being a Mexican citizen illegally in the United States. He also admitted to knowing that the handgun was in his bedroom and he said his fingerprints would be found on the handgun. During a consensual search of Vasquez's van, officers found approximately 1,000 rounds of .223 caliber bullets[1] in a package under the front seat. Vasquez admitted knowing that the package was inside his van but denied knowing that bullets were inside the package.

8.  Officers also located an iPhone 5S and an iPhone 6 Plus on Vasquez at the time of his arrest. Vasquez refused to provide consent to search the phones. On November 14, 2016, the Honorable Bernard M. Jones signed a search warrant authorizing a search of the two phones. *See* M-16-371-BMJ. Although investigators were unable to access the iPhone 5S, they were able to access and search the iPhone 6 Plus. During this search, investigators found pictures of Vasquez and Gomez together. They also found text messages and phone calls to and from Gomez, who was using the phone number (405) 837-1324. Vasquez had saved this number in his phone directory under the name "Gloria." The call records showed several calls between Vasquez and Gomez between September 25, 2016, and October 31, 2016. These records also showed Gomez had sent the following text messages to Vasquez on the date of his arrest:

---

[1] The seized .223 caliber bullets were the projectile portion of a centerfire ammunition cartridge without the case, propellant, or primer.

3

| Date and Time | Message Content |
| --- | --- |
| 11/2/2016 8:37:32 PM | Hello!! Hello!!! |
| 11/2/2016 8:37:45 PM | Are you alive?? |

In addition to the messages Vasquez had exchanged with Gomez, investigators found messages on the phone related to illegal firearm purchases involving Vasquez. Additionally, several photographs were found on the phone of firearms and Vasquez firing the firearms. Vasquez shared some of these photographs through text messages with his associates.

9. Vasquez was deported from the United States to Mexico at the Del Rio, Texas international bridge on February 23, 2017. Gomez travelled to Puerto Vallarta, Mexico on March 2, 2017, and returned to the United States on March 6, 2017. On March 8, 2017, a border crossing was recorded for Vasquez's brother, Alann Alexis Vasquez, a lawful permanent resident, through the Del Rio, Texas port of entry. This is the second recorded inbound border crossing for Alann Alexis Vasquez, who last crossed on June 9, 2014 at the same bridge. I believe that Vasquez, who bears a similar resemblance to Alann Alexis Vasquez, may have impersonated his brother and used his lawful permanent resident card to enter the United States on March 8, 2017.

10. On January 9, 2018, Vasquez called the Oklahoma City Police Department and filed a report over the phone alleging his Jeep was vandalized while parked in front of his mother's residence in Oklahoma City. Vasquez listed Oklahoma tag GFB664 and provided the officer with contact number (716) 495-6059 when he filed the report. Vasquez identified himself to the officer by name and provided his actual date of birth.

He also explained that he lived at his mother's residence located at 1032 Southwest 34th Street in Oklahoma City, where the Jeep was vandalized.

11. Oklahoma Department of Public Safety records reflect that Vasquez has an expired Oklahoma driver's license that was suspended on July 13, 2011. Those records also reflect that on February 13, 2018, a processing fee and reinstatement fee were paid, and proof of vehicle insurance was provided in an attempt to reinstate Vasquez's license. As of this date, Vasquez's license remains expired.

12. In April 2018, investigators received a tip indicating that Vasquez was in the Oklahoma City area. On April 26, 2018, investigators saw Vasquez standing inside the garage of Gomez's house, which is located at 8813 SW 36th Terrace, in Oklahoma City ("the residence"). Oklahoma County property records indicate Gomez's sister, Alma Deloera, purchased this residence on June 1, 2016. Gas and electricity utilities at the residence are in the names of Alma DeLoera and Gloria Gomez. Gomez provided contact number (405) 837-1324 to the utility company and reported she was employed by the OCSO.

13. On April 26, 2018, when investigators saw Vasquez at the residence, they also saw his orange 4-door Jeep displaying Oklahoma tag GFB664 parked in the driveway. A white Chevrolet Silverado displaying Oklahoma tag 755HSH was parked in the street in front of the residence. A distinct "Chevrolet" sticker was applied to the rear windshield of the Silverado. Investigators have regularly seen the Silverado at the residence. Investigators have also seen Gomez's OCSO patrol car parked in the driveway.

14. Record checks indicated someone with the OCSO searched the National Crime Information Center ("NCIC") database for any record of Oklahoma tag 755HSH on March 9, 2018, and March 14, 2018. The OCSO has since confirmed that Gomez conducted the March 14 search and one of her co-workers conducted the March 9 search.

15. The NCIC database includes law enforcement sensitive information used by authorized criminal justice agencies to apprehend fugitives, locate missing persons, locate and return stolen property, and protect law enforcement officers during encounters with potentially dangerous individuals registered in the database. Access to the NCIC database is restricted to official business of criminal justice agencies. To date, it does not appear that Gomez had a need to query that license plate in NCIC to perform her official duties. I believe Gomez conducted the NCIC searches to ensure that there were no red flags associated with the Silverado, thus eliminating any heightened law enforcement scrutiny in the event Vasquez had any encounter with law enforcement while driving the Silverado.

16. Although the Silverado displaying Oklahoma tag 755HSH initially appeared to be registered to a person unrelated to this investigation, when investigators saw the Silverado parked at the residence on May 22, 2018, it was no longer displaying that permanent tag. On that date, the Silverado was displaying a paper tag dated May 1, 2018, with the name of the purchaser "Jesus Vasquez" handwritten on the paper tag.

17. On May 25, 2018, investigators saw Vasquez and Gomez leave the residence in Vasquez's Jeep, which he was driving. Investigators followed them to a local gym where they parked and went inside. Investigators, in an undercover capacity,

entered the gym and saw Vasquez and Gomez exercising together. Investigators then followed them from the gym to a local grocery store. An investigator, in an undercover capacity, entered the grocery store and saw Vasquez and Gomez shopping together. Investigators then terminated the surveillance.

18. On June 12, 2018, the Honorable Shon T. Erwin signed a search warrant authorizing a search of Gomez's residence. On June 15, 2018, agents arrested Vasquez as he left Gomez's residence. Agents then search the residence and seized four firearms, ammunition, cell phones, and various documents. The firearms were all loaded and accessible to Vasquez inside the residence. Three of the firearms, including a 12-gauge Remington 870 Police Magnum shotgun owned by the OCSO, were found inside a bedroom closet containing Vasquez's clothing. Vasquez declined to be interviewed. He is currently in the custody of immigration authorities and will likely be presented for criminal prosecution in the near future.

19. On that same date, agents conducted a consensual interview with Gomez inside the OCSO. During the interview, Gomez admitted she knew Vasquez was in the country without immigration status and she also admitted knowing he had been deported in 2016. Gomez told agents that Vasquez was living at her residence and firearms would also be found inside.

20. At the conclusion of the interview, agents seized the subject phone from Gomez. Gomez declined to provide consent to search the subject phone but she did provide agents with the passcode.

21. Vasquez is a previously removed alien with no legal status in the United States. I have reviewed his alien file, which reflects he has been removed to Mexico multiple times, with the last removal being on February 23, 2017. After reviewing his alien file and researching various immigration databases, I can confirm that Vasquez has not applied for, nor received, permission to return to the United States. Accordingly, it is reasonable to conclude that Vasquez has illegally reentered the United States. There is probable cause to believe that the subject phone contains evidence related to, among other offenses, his illegal reentry into the United States and his possessing firearms.

22. Gomez has known Vasquez for a substantial period of time and knows that he is illegally in the United States. Gomez has concealed, shielded from detection, and harbored Vasquez by, among other efforts, housing him in her residence, searching law enforcement databases for derogatory information on his vehicle, and failing to report his illegal reentry to the authorities. This conduct has facilitated Vasquez's continued illegal presence in the United States. Accordingly, there is probable cause to believe that the subject phone contains evidence of, among other offenses, Gomez's illegal conduct in concealing and harboring Vasquez as well as her potential aiding and abetting his illegal possession of firearms.

### Conclusion

23. Based on the above information, I respectfully submit there is probable cause to believe the subject phone described in Attachment A contains evidence of violations of 8 U.S.C. §§ 1324 and 1326, and 18 U.S.C. § 922(g)(5), among others. The

8

items listed in Attachment B are evidence of these crimes, contraband, and fruits of these crimes.

Therefore, I respectfully request that a search warrant be issued, authorizing the search of the subject phone described in Attachment A, and the seizure of the items listed in Attachment B.

RYAN C. BROWNING
Special Agent, HSI

Subscribed to and sworn before me on June 22nd, 2018.

GARY M. PURCELL
United States Magistrate Judge

## ATTACHMENT A

### DESCRIPTION OF DEVICE TO BE SEARCHED

The subject phone to be searched is an Apple iPhone with IMEI: 353003096247397.

The subject phone is located at HSI Oklahoma City, 3625 NW 56th Street, Oklahoma City, Oklahoma 73112.

## ATTACHMENT B

## ITEMS TO BE SEIZED

1. Electronically stored information, such as the phone directory and/or contacts list, calendar, text messages, multi-media messages, e-mail messages, call logs, photographs, and videos, related to violations of 8 U.S.C. §§ 1324 and 1326, and 18 U.S.C. § 922(g)(5), including:

    a. lists of individuals who provided the firearm(s) to Vasquez and related identifying information;

    b. types, amounts, and prices of firearms as well as dates, places, and amounts of specific transactions;

    c. information related to sources of firearms;

    c. information related to Vasquez's travel, including illegal international border crossings;

    e. bank records, checks, credit card bills, account information, and other financial records related to the illegal possession of firearms, illegal sales of firearms, and human smuggling fees;

2. Evidence of user attribution related to violations of 8 U.S.C. §§ 1324 and 1326, and 18 U.S.C. § 922(g)(5), showing who used or owned the subject phone at the time the items described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

    a. records of Internet Protocol addresses used;

    b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.